Randall A. Peterman, ISB No. 1944
Noah G. Hillen, ISB No. 7690
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
rap@moffatt.com
ngh@moffatt.com
18794.0216

Attorneys for KeyBank National Association

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>HOLLIFIELD RANCHES, INC.,<br><br>            Debtor. | Case No. 10-41613-JDP<br>Chapter 11 |

## MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL

COMES NOW KeyBank National Association ("KeyBank"), by and through its undersigned counsel of record, and submits this Memorandum in Support of KeyBank National Association's Motion to Enforce Second Supplemental Order Authorizing Continued Use of Cash Collateral.

### I.    INTRODUCTION

The use of KeyBank's cash collateral has been the subject of multiple proceedings before this Court. Hollifield Ranches, Inc. ("Debtor") filed a Motion to Use Cash Collateral on

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL - 1**

Client:1849660.1

September 9, 2010. A preliminary hearing was held on September 15, 2010, after which this

Court entered its Order Authorizing Emergency Use of Cash Collateral Order (CR 53). A final

hearing regarding the original motion filed by the Debtor was held on October 20, 2010, after

which this Court (a) continued the final hearing to November 4, 2010, in Boise, Idaho;

(b) entered a Supplemental Order Authorizing Continued Use of Cash Collateral Order (CR 87);

and (c) required the Debtor to file a supplement to its original Motion to Use Cash Collateral no

later than October 22, 2010. The Debtor timely filed a Supplement to Motion to Use Cash

Collateral on October 22, 2010. (CR 83).

The continued final hearing ("November Hearing") was held before this Court on

November 4, 2010. At the hearing, KeyBank and the Debtor provided to the Court a Term Sheet

regarding (a) resolution of a portion of the issues raised by the cash collateral motions filed by

the Debtor; and (b) a proposal to continue the November Hearing to December 15, 2010. At the

end of the hearing, the Court considered the issues raised by the arguments of the parties and

determined that such issues should be resolved by entry of this Second Supplemental Order

Authorizing Continued Use of Cash Collateral (the "CC Order"). The parties submitted the CC

Order on November 11, 2010 (CR 113).

## II.   ANALYSIS

The CC Order required the Debtor to take certain actions, which the Debtor has

failed to complete. KeyBank seeks the Court to compel the Debtor to comply with the CC

Order. A bankruptcy court possesses implicit authority and jurisdiction to interpret or enforce its

own prior orders. *In re Eveleth Mines, L.L.C.*, 318 B.R. 682, 687 (B.A.P. 8th Cir. 2004)

(citations omitted). This Court may also "issue any order, process, or judgment that is necessary

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S
MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING
CONTINUED USE OF CASH COLLATERAL - 2**                     Client:1849660.1

or appropriate to carry out the provisions of [the Bankruptcy Code]." Accordingly, this Court has the authority to compel the Debtor to comply with the CC Order.

### A. The Debtor Has Violated the CC Order Because the Debtor Has Not Complied with the U.S. Trustee's Guidelines.

The CC Order requires the Debtor to "operate in compliance with the U.S. Trustee's Guidelines," which the Debtor has failed to do.

The Operating Guidelines and Reporting Requirements for Debtors in Possession and Chapter 11 Trustees (Revised February 16, 2010) ("the Trustee's Guidelines") requires that "[a]ll pre-petition bank accounts controlled by the debtor must be closed immediately upon the filing of the petition, and the debtor shall immediately open new debtor-in-possession operating, payroll, and tax accounts at a United States Trustee authorized depository." *See* Affidavit of Counsel in Support of Motion to Enforce Second Supplemental Order Authorizing Continued Use of Cash Collateral ("Counsel Aff.") at Ex. A, p. 2. The Debtor not only maintains at least two pre-petition accounts with KeyBank, but the Debtor is still actively using these accounts in contravention of the Trustee's Guidelines. *See* Affidavit of W. Lee Bean in Support of KeyBank's Motion to Enforce Second Supplemental Order Authorizing Continued Use of Cash Collateral ("Bean Aff.") at ¶¶ 5-6.

The Trustee's Guidelines require the Debtor to "file an original monthly operating report with the clerk of the bankruptcy court and serve a paper copy upon the United States Trustee." *See* Counsel Aff. at Ex. A, p. 3. Such a report is due "by the 21st day of the month following the reporting period." To date, the Debtor has only filed such an operating report for September, 2010 (CR 105). The Debtor has not filed an operating report for October 2010, which was due on November 21, 2010.

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL - 3**

Client:1849660.1

**B.**   **The Debtor Has Violated the CC Order Because the Debtor Has Not Segregated All Cash Collateral in Bank Accounts with KeyBank.**

The CC Order requires the Debtor to "segregate all cash collateral into three (3) separate debtor-in-possession bank accounts (the Double H cattle operation, White Gold dairy operation, and Hollifield Ranches farming operation shall each maintain a separate account) at KeyBank, in accordance with the requirements of 11 U.S.C. §363(c)(4)." *See* CC Order at p. 3. To date, the Debtor has not maintained the three debtor-in-possession bank accounts with KeyBank as required by the CC Order. *See* Bean Aff. at ¶ 3.

**C.**   **The Debtor Has Violated the CC Order Because the Debtor Has Not Produced the Required October Monthly Report.**

The CC Order requires the Debtor to "produce monthly reports (by the fifteenth day of each month), in the form attached [as Exhibit D to the CC Order], together with all reports required under the Bankruptcy Code." *See* CC Order at pp. 3-4. To date, the Debtor has not submitted to KeyBank the October 2010 reports, which were due on November 15, 2010. *See* Bean Aff. at ¶ 7.

**D.**   **The Debtor Has Violated the CC Order Because the Debtor Has Not Turned Over to KeyBank the $700,000 of Double H Cash Collateral.**

The CC Order requires the Debtor to "immediately, upon entry of this Order, turn over $700,000 of [the Double H] cash collateral to KeyBank." *See* CC Order at p. 4. To date, the Debtor has not turned over the $700,000 to KeyBank. *See* Bean Aff. at ¶ 8. Instead, the Debtor restrictively endorsed approximately $700,000 worth of checks made out to KeyBank, A & B Livestock, LLC, and either Double H or Terry Hollifield. *See* Bean Aff. at ¶ 8. AB Livestock, LLC has not endorsed the approximately $700,000 worth of checks. *See* Bean Aff. at ¶ 10. To the extent the checks are in the name of Terry Hollifield, it is unclear whether

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S
MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING
CONTINUED USE OF CASH COLLATERAL - 4**

Client:1849660.1

the checks are cash collateral held by Double H.  Furthermore, there are two restrictive

endorsements that state either: (1)  "Deposit only debtor in possession Hollifield Ranches/Double

H Cattle 9931308119 Wells Fargo Bank." or (2) "Deposit only debtor in possession Terry

Hollifield/Hollifield Ranches Cattle 9931308119 Wells Fargo Bank."  *See* Bean Aff. at ¶ 11.

This Court should require the Debtor to immediately deposit all of the cash

collateral checks held by the Debtor in a bank account with KeyBank and pay KeyBank the

$700,000.  To the extent the checks are in the name of Terry Hollifield, those checks should also

be paid to KeyBank immediately.

> **E.    The Debtor Has Violated the CC Order Because the Debtor Has Not
> Deposited the Remaining Approximately $2 Million in Cash Collateral to a
> KeyBank Bank Account.**

The CC Order requires the Debtor to deposit the remaining approximately

$2 million in cash collateral in the Double H cash collateral bank account at KeyBank.  *See* CC

Order at p. 4.  To date, the Debtor has not maintained a Double H debtor-in-possession bank

account with KeyBank, nor has the Debtor deposited the Double H cash collateral in that bank

account.  *See* Bean Aff. at ¶¶ 3, 13.

> **F.    The Debtor Has Violated the CC Order Because the Debtor Has Not Paid All
> Feed Purchased by the White Gold Dairy Operation by Check, with
> KeyBank Included as a Payee.**

The CC Order requires that "[a]ll feed purchased by the White Gold dairy

operation shall be paid by check, with KeyBank included as a payee."  Since the entry of the

order, KeyBank has not signed off any checks from the White Gold dairy operation to the

Hollifield Ranches farming operation for the purchase of feed.  *See* Bean Aff. at ¶ 15.  Therefore,

either the cattle are not being fed by hay provided by Hollifield Ranches, or White Gold is not

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S
MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING
CONTINUED USE OF CASH COLLATERAL - 5**

Client:1849660.1

paying for the feed.  The Debtor should be required to verify that White Gold is actually paying

for its cattle feed.

> **G.    The Debtor Has Violated the CC Order Because the Debtor Has Not Obtained the Two Post-Petition Payments of $29,059.81 Made to the Metropolitan Life Insurance Company Post-petition.**

The CC Order requires the debtor to obtain the two post-petition payments of

$29,059.81 that were made to the Metropolitan Life Insurance Company ("MetLife") in

September and October of 2010.  *See* CC Order at pp. 5-6.  To date, the Debtor has not

communicated to KeyBank that it has made demand for these funds, and this Court should

require the Debtor to do so.

> **H.    The Debtor Has Violated the CC Order Because the Debtor Has Not Provided Proof That the Debtor Terminated Any Direct Payment Arrangement from the Debtor's Milk Purchaser to MetLife.**

The CC Order requires "[a]ny direct payment arrangement by which Debtor's

creamery makes direct payments of milk proceeds to MetLife shall be terminated immediately

and Debtor shall take such steps as are necessary to terminate such arrangement."  *See* CC Order

at p. 6.  To date, the Debtor has not communicated to KeyBank that it has terminated such

arrangement, and this Court should require the Debtor to do so.  It is also unclear if additional

post-petition payments were made from the Debtor's creamery to MetLife due in November to

the Debtor's inaction.

### III.    CONCLUSION

Since this Court entered the CC Order, the Debtor has not made a good faith

effort to comply with the Order.  Therefore, this Court should require the Debtor to comply fully

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S
MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING
CONTINUED USE OF CASH COLLATERAL - 6**                    Client:1849660.1

with the CC Order within one week, or risk sanctions by this Court, which may include the

denial of the use of KeyBank's cash collateral.

DATED this 1st day of December, 2010.

MOFFATT, THOMAS, BARRETT, ROCK &
FIELDS, CHARTERED

By _____

Noah G. Hillen– Of the Firm
Attorneys for KeyBank National
Association

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S
MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING
CONTINUED USE OF CASH COLLATERAL - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of December, 2010, I filed the foregoing **KEYBANK NATIONAL ASSOCIATION'S MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Brent T. Robinson**
btr@idlawfirm.com
*Attorneys for Debtor*

**Craig W. Christensen**
cwcc@ida.net
*Attorneys for J.R. Simplot Company dba Western Stockmen's*

**David F. Shirley**
dshirley@pmt.org
*Attorneys for Western Seeds*

**William R. Hollifield**
bhollifield@idalawyer.com
*Attorneys for Creditor C.W. Hollifield Estate*

**Scott Tschirgi**
sat@satchartered.com
*Attorney for Pioneer Commodities, LLC*

**Mary P. Kimmel**
ustp.region18.bs.ecf@usdoj.gov

**United States Trustee**
ustp.region18.bs.ecf@usdoj.gov

**John S. Ritchie**
crrtflaw@msn.com
*Attorneys for Eagle Creek Northwest LLC*

**David A. Heida**
dheida@capitollawgroup.net
*Attorneys for Wilbur-Ellis Company*

**Daniel C. Green**
dan@racinelaw.net
*Attorneys for Thomas Petroleum, LLC d/b/a Bowen Petroleum, Inc.*

**Robert J. Maynes**
mayneslaw@hotmail.com
*Attorney for ADM Edible Bean Specialties, Inc.*

**John O. Fitzgerald II**
jof@magicvalleylaw.com
*Attorneys for Agri-Stor Company, Inc./Chemical Supply Co., Inc.; OK Auto Systems, Inc.; and Robert Harris*

**David W. Gadd**
dwg@magicvalleylaw.com
*Attorneys for Agri-Stor Company, Inc./Chemical Supply Co., Inc.; OK Auto Systems, Inc.; and Robert Harris*

**J. Justin May**
jmay@may-law.com
*Attorneys for Wilbourn Garage Doors*

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL - 8**

Client:1849660.1

**David A. Coleman**
davidacoleman@msn.com
*Attorney for John Coleman dba A & J Farm and*
*Lasko Alexander Farm, L.L.C.*

**Ron Kerl**
ron@cooper-larsen.com
*Attorneys for Rangen, Inc. and Northwest*
*Farm Credit Services, FLCA*

**Robert A. Faucher**
rfaucher@hollandhart.com
*Attorneys for Creditor Metropolitan Life*
*Insurance Company*

**Patrick W. McNulty**
pwmcnulty@hollandhart.com
*Attorneys for Creditor Metropolitan Life*
*Insurance Company*

**Kevin C. Braley**
kbraley@hollandhart.com
*Attorneys for Creditor Metropolitan Life*
*Insurance Company*

**Matthew T. Christensen**
mtc@angstman.com
*Attorney for Tyson Fresh Meats, Inc.*

AND, I FURTHER CERTIFY that on such date I served the foregoing
**KEYBANK'S MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER
AUTHORIZING CONTINUED USE OF CASH COLLATERAL** on the following
non-CM/ECF Registered Participants in the manner indicated:

Hollifield Ranches, Inc.
4076 E. 3400 N.
Hansen, ID  83334

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Hollifield Ranches, Inc.
22866 US Highway 30
Hansen, ID 83334

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

John O. Fitzgerald II
David W. Gadd
WORST FITZGERALD & STOVER, PLLC
746 N. College Rd., Suite C
P.O. Box 5226
Twin Falls, ID  83303-5226
*Attorneys for Agri-Stor Company, Inc./Chemical*
*Supply Co., Inc.; OK Auto Systems, Inc.; and*
*Robert Harris*

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Tyson Fresh Meats, Inc.
2200 Don Tyson Parkway CP131
Springdale, AR 72762

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S
MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING
CONTINUED USE OF CASH COLLATERAL - 9**

Client:1849660.1

Gavilon Grain, LLC                          (X) U.S. Mail, Postage Prepaid
c/o James Powers                            ( ) Hand Delivered
McGrath North Mullin & Kratz PC LLO         ( ) Overnight Mail
First National Tower, Suite 3700            ( ) Facsimile
1601 Dodge St.
Omaha, NE  68102-1327
*Attorneys for Gavilon Grain, LLC*
*d/b/a Peavey Co.*


_____

Noah G. Hillen

**MEMORANDUM IN SUPPORT OF KEYBANK NATIONAL ASSOCIATION'S
MOTION TO ENFORCE SECOND SUPPLEMENTAL ORDER AUTHORIZING
CONTINUED USE OF CASH COLLATERAL - 10**

Client:1849660.1