Randall A. Peterman, ISB No. 1944
Noah G. Hillen, ISB No. 7690
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
rap@moffatt.com
ngh@moffatt.com
18794.0216

Attorneys for KeyBank National Association

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>HOLLIFIELD RANCHES, INC.,<br><br>Debtor. | Case No. 10-41613-JDP<br>Chapter 11 |

### OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D)

COMES NOW KeyBank National Association ("KeyBank"), by and through its undersigned counsel of record, and objects to the Emergency Motion to Incur Secured Debt Pursuant to 11 USC § 364(c) and (d) (CR 321) ("Motion") filed by Hollifield Ranches, Inc. ("Debtor") on November 3, 2011.

### I.     OBJECTIONS

1.    The Motion should be denied because the changes contemplated to the Debtor's budgets will have the effect of rendering obsolete the budgets attached to the Debtor's

Second Amended Disclosure Statement ("Disclosure Statement") (CR 313). The Court and parties have discussed at multiple hearings the budgets and exhibits the Debtor should attach to its Disclosure Statement needed to give parties adequate information as required by Section 1125. On October 25, 2011, Debtor filed its Disclosure Statement, including budgets and projections for the remainder of 2011 and 2012. The instant motion would require changes to the following budgets:

    a. **Disclosure Statement Exhibit 2-B** – Exhibit 2-B to the Disclosure Statement is a budget projecting the Debtor's income and expenses from October 2011 through December 2011 for the farming operation. Comparing Exhibit A to the Motion to Exhibit 2-B to the Disclosure Statement (CR 313-2 page 10 of 26), the Debtor would increase its expenses for November 2011 by $195,000. This change would impact the Debtor's expense projections, net income projections, and margin projections for 2011, as calculated in the Disclosure Statement. These projections are important for creditors in evaluating the Debtor's operation.

    b. **Disclosure Statement Exhibit 2-D** – Exhibit 2-D to the Disclosure Statement is a consolidated budget projecting the Debtor's income and expenses for October through December 2011 for all of the Debtor's operations. This consolidated budget would not reflect the $195,000 increase in expenses for November 2011 if the Court approved the instant motion. (*See* CR 313-2 page 23 of 26).

    c. **Disclosure Statement Exhibit 3-B** – Exhibit 3-D to the Disclosure Statement is the Debtor's projected income and expenses for the 2012 farming operation. Page 43 of Exhibit 3-D (CR 313-3 page 6 of 20) appears to be identical to Exhibit B to

**OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S
EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC
§ 364(C) AND (D) - 2**

Client:2234475.1

the Motion. Approval of the instant motion would require the Debtor to adjust downward the projected expenses in Exhibit 3-B by $220,000. This change would impact the Debtor's expense projections, net income projections, and margin projections for 2012, as calculated in the Disclosure Statement. These projections are important for creditors in evaluating the Debtor's operation.

    d. **Disclosure Statement Exhibit 3-D** – Exhibit 3-D to the Disclosure Statement is a consolidated budget projecting the Debtor's income and expenses for 2012 for all of the Debtor's operations. This consolidated budget would not reflect the $220,000 decrease in expenses for chemicals and fertilizer if the Court approved the instant motion. (*See* CR 313-2 page 23 of 26).

Creditors in this case have had a difficult time obtaining the necessary budgets and financial information necessary to evaluate the Debtor's chapter 11 plan. Approval of the instant motion would further hinder creditors' efforts to obtain such information, as the budgets and projections found in the Disclosure Statement would no longer be accurate. The Court should not allow the Debtor to present moving target regarding its own financial information because it frustrates efforts of creditors to evaluate the financial condition of the Debtor.

    2.    The Motion should be denied as it addresses issues that should be dealt with in the context of a chapter 11 plan. At the August 31, 2011, hearing regarding Debtor's initial disclosure statement, KeyBank requested that the Court prohibit the Debtor from renewing any real property leases for the 2012 crop year and prohibit the Debtor from expending funds for the preparation of the 2012 crop. The Court agreed and indicated these are issues that should be

addressed through the Debtor's chapter 11 plan. The Debtor, however, did reserve the right to address these matters through a motion prior to plan confirmation.

The scope of the Debtor's farming operation for 2012 has not yet been determined, and will be determined through the plan confirmation process. Before the Debtor can apply fertilizer and chemicals for the 2012 farming operation, it is necessary for the Debtor to (1) convince the Court and its creditors that its farming operation for 2012 is a feasible business operation; (2) determine which real property it will farm in 2012, which requires the Debtor to assume or reject 2012 crop leases, through its chapter 11 plan; and (3) prepare a crop budget that demonstrates its intended mix of crops for 2012, so it can determine which chemicals and fertilizers are required for such crops. The Debtor has not received approval of its Disclosure Statement, the Disclosure Statement has received one objection to date, (CR 327) and the Disclosure Statement may receive other objections prior to the November 18, 2011, objection deadline. Before the Debtor can proceed to confirmation, the Debtor must receive approval of its Disclosure Statement.

The Debtor has also not determine which real property it will farm in 2012. After determining the scope of its 2012 farming operation, through a chapter 11 plan, the Debtor will be required to assume certain real property leases for purposes of farming the 2012 crop. While the Debtor may argue that the terms of the leases it entered into in 2011 automatically renew if the lessor failed to provide notice on non-renewal to the Debtor by August 1, 2011, this Court will have final say on which leases are assumed or rejected by the Debtor. Until it is determined which real property the Debtor is leasing for 2012, it does not make sense to apply fertilizer and chemicals to the real property. In other words, there is a risk that if the Motion is approved, the

**OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S
EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC
§ 364(C) AND (D) - 4**

Debtor will apply chemicals and fertilizer to real property that is not farmed by the Debtor in 2012. This would be an imprudent use of the Debtor's funds. Therefore, until it is determined which real property the Debtor will farm in 2012, the Debtor should not run the risk of applying chemicals and fertilizer.

The Debtor has apparently not also determined its mix of crops for the 2012 crop year. The Debtor's Disclosure Statement indicates that Exhibit 13 relates to "2012 Crops." However, Exhibit 13 appears to be a budget to actual comparison of the 2011 crops, with notations indicating which crops have been harvested to date. Because the Debtor has not provided information regarding its 2012 crop mix, it is premature to apply chemicals and fertilizer.

3. The Motion should be denied because creditors and parties in interest need additional information regarding the costs to apply chemicals and fertilizer. The Court should require Simplot Soilbuilders ("Simplot") to provide an estimate of costs to apply chemicals and fertilizer. While the Debtor estimates in the Motion that it will costs $220,000 to apply fertilizer and chemicals, it would be helpful if Simplot, who is presumably an expert regarding the application of chemicals and fertilizer, could provide a breakdown of the estimated costs, so that parties in interest can determine if the Debtor's cost estimate is reasonable.

4. The Motion has an inherent conflict as it proposes a priming lien to Simplot but also proposes payment under 11 U.S.C. Section 364(c) and (d). Section 364(c)(1) of the Bankruptcy Code permits the Court to authorize the obtaining of credit or the incurring of debt with priority over any or all administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code. Section 346(d) permits the Court to authorize the obtaining

**OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D) - 5**

Client:2234475.1

of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien if, the Debtor is otherwise unable to obtain credit, and there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior lien is proposed to be granted. The Debtor's prior Motion to Incur Secured Debt Pursuant to 11 USC Section 364(c) and (d) ("First Motion") (CR 184) suffered from the same defect. At hearing on the First Motion, the Debtor clarified that the motion was brought under Section 364(d). Clarification is again required as to whether the Debtor, pursuant to Section 364(d), is seeking to grant Simplot a senior lien on the Debtor's crops as to KeyBank, or whether the Debtor is seeking to treat Simplot as holding administrative claim pursuant to Section 364(c).

     5.     If the Court grants the Motion, the Court should require Debtor to satisfy the secured obligation to Simplot by no later than December 31, 2012. The secured debt will be incurred for the benefit of the Debtor's 2012 crop. Requiring the Debtor to pay that obligation in 2012, from the proceeds of the harvest of the 2012 crop, from an accounting perspective, appropriately matches the encumbered asset the underlying debt. Further, the Debtor has demonstrated this year, that it can satisfy a crop lien in favor Simplot prior to the end of the crop year. The Debtor's First Motion granted Simplot a crop lien on the Debtor's 2011 crop. That lien has already been satisfied from the proceeds of the 2011 crop. The Court should require this same practice to continue if it grants the instant motion, and require payment of any 2012 crop lien in favor of Simplot by the end of 2012.

     6.     If the Court grants the Motion, the Court should require Simplot to provide invoices to both KeyBank and the Debtor. Presumably, the Debtor is seeking to provide Simplot with a crop lien that primes KeyBank's crop lien, as it did in the First Motion.

**OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D) - 6**

Therefore, KeyBank has an interest in knowing the details of the funds advanced by Simplot, and Simplot should be required to forward invoices to KeyBank at the same time it invoices the Debtor.

## II.  CONCLUSION

For the forgoing reasons, the Court should deny the Motion.

DATED this 8th day of November, 2011.

MOFFATT, THOMAS, BARRETT, ROCK &
FIELDS, CHARTERED

By _____
Noah G. Hillen – Of the Firm
Attorneys for KeyBank National
Association

**OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D) - 7**

Client:2234475.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of November, 2011, I filed the foregoing **OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D)** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Brent T. Robinson**
btr@idlawfirm.com
*Attorneys for Debtor*

**Craig W. Christensen**
cwcc@ida.net
*Attorneys for J.R. Simplot Company dba Western Stockmen's*

**David F. Shirley**
dshirley@pmt.org
*Attorneys for Western Seeds*

**William R. Hollifield**
bhollifield@idalawyer.com
*Attorneys for Creditor C.W. Hollifield Estate*

**Scott Tschirgi**
sat@satchartered.com
*Attorney for Pioneer Commodities, LLC*

**Mary P. Kimmel**
ustp.region18.bs.ecf@usdoj.gov

**United States Trustee**
ustp.region18.bs.ecf@usdoj.gov

**John S. Ritchie**
crrtflaw@msn.com
*Attorneys for Eagle Creek Northwest LLC*

**Daniel C. Green**
dan@racinelaw.net
*Attorneys for Thomas Petroleum, LLC d/b/a Bowen Petroleum, Inc.*

**Robert J. Maynes**
mayneslaw@hotmail.com
*Attorney for ADM Edible Bean Specialties, Inc.*

**John O. Fitzgerald II**
**David W. Gadd**
jof@magicvalleylaw.com
dwg@magicvalleylaw.com
*Attorneys for Agri-Stor Company, Inc./Chemical Supply Co., Inc.; OK Auto Systems, Inc.; Robert Harris; The Scoular Company; and Gavilon Grain, LLC dba Peavey Co.*

**J. Justin May**
jmay@may-law.com
*Attorneys for Official Unsecured Creditors Committee of Hollifield Ranches, Inc.*

**OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D) - 8**

Client:2234475.1

| | |
|---|---|
| **David A. Coleman**<br>davidacoleman@msn.com<br>*Attorney for John Coleman dba A & J Farm and Lasko Alexander Farm, L.L.C.* | **Ron Kerl**<br>ron@cooper-larsen.com<br>*Attorneys for Rangen, Inc. and Northwest Farm Credit Services, FLCA* |
| **Robert A. Faucher**<br>**Patrick W. McNulty**<br>**Kevin C. Braley**<br>rfaucher@hollandhart.com<br>pwmcnulty@hollandhart.com<br>kbraley@hollandhart.com<br>*Attorneys for Creditor Metropolitan Life Insurance Company* | **Matthew T. Christensen**<br>mtc@angstman.com<br>*Attorney for Tyson Fresh Meats, Inc.* |
| **Lance A. Loveland**<br>love9593@pmt.org<br>*Attorneys for Valley Agronomics, LLC* | |

AND, I FURTHER CERTIFY that on such date I served the foregoing **OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D)** on the following non-CM/ECF Registered Participants in the manner indicated:

| | |
|---|---|
| Hollifield Ranches, Inc.<br>4076 E. 3400 N.<br>Hansen, ID 83334 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Hollifield Ranches, Inc.<br>22866 US Highway 30<br>Hansen, ID 83334 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| John O. Fitzgerald II<br>David W. Gadd<br>WORST FITZGERALD & STOVER, PLLC<br>746 N. College Rd., Suite C<br>P.O. Box 5226<br>Twin Falls, ID 83303-5226<br>*Attorneys for Agri-Stor Company, Inc./Chemical Supply Co., Inc.; OK Auto Systems, Inc.; Robert Harris; The Scoular Company; and Gavilon Grain, LLC dba Peavey Co.* | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |

**OBJECTION OF KEYBANK NATIONAL ASSOCIATION TO DEBTOR'S EMERGENCY MOTION TO INCUR SECURED DEBT PURSUANT TO 11 USC § 364(C) AND (D) - 9**

Client:2234475.1

| | |
|---|---|
| Gavilon Grain, LLC<br>c/o James Powers<br>MCGRATH NORTH MULLIN & KRATZ PC LLO<br>First National Tower, Suite 3700<br>1601 Dodge St.<br>Omaha, NE 68102-1327<br>*Attorneys for Gavilon Grain, LLC*<br>*d/b/a Peavey Co.* | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Michael J. Meade<br>3779 N. 3575 E.<br>Kimberly, ID 83341 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |

/s/ Noah G. Hillen

Noah G. Hillen