Randall A. Peterman, ISB No. 1944
Noah G. Hillen, ISB No. 7690
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
rap@moffatt.com
ngh@moffatt.com
18794.0216

Attorneys for KeyBank National Association

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>HOLLIFIELD RANCHES, INC.,<br><br>            Debtor. | Case No. 10-41613-JDP<br>Chapter 11 |

### KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY TYSON FRESH MEATS, INC.

On November 17, 2011, Tyson Fresh Meats, Inc. ("Tyson") filed its Motion for Allowance and Payment of Claim (CR 343) ("Motion"), seeking allowance of an administrative claim against Hollifield Ranches, Inc. ("Debtor") in the amount of approximately $900,000. This limited objection is intended to constitute KeyBank's response to the Motion.

KeyBank National Association ("KeyBank") does not take a position as to the *allowability* of the administrative claim of Tyson. KeyBank reserves the right to object to such matter at any time through the trial of this matter.

**KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND
LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY
TYSON FRESH MEATS, INC. - 1**

Client:2288101.1

To the extent KeyBank has an objection to the Motion, that objection deals with the *source of payment* of any administrative claim that may be allowed by the Court in favor of Tyson. Simply stated, there is no source of payment available to Debtor to pay an administrative claim of Tyson, since none of Debtor's Entities (Double H Cattle; Hollifield Farms; or White Gold Dairy – hereinafter "Entities") have free cash to pay such sum.

### A. Entity Double H Cattle as a Source of Repayment for the Tyson Administrative Claim

Over a year ago, this Court approved Debtor's assumption of the executory contract between Double H Cattle and Tyson, over the objection of KeyBank. That decision is reflected in the Order Approving Compromise (CR 159) ("Tyson Assumption Order") entered by this Court on December 27, 2010. Double H Cattle persuaded the Court that (a) assumption of the contract with Tyson ("Tyson Contract") was in the best business interests of Debtor; (b) assumption of the Tyson Contract would result in $21 million of gross income to Debtor; and (c) assumption of the Tyson Contract would result in $3 million of gross income to Debtor.[1]

---

[1] Assumption of the Tyson Contract by Double H was, in fact, a fiasco, and resulted in (a) Debtor's termination of the Tyson Contract in August 2011; and (b) exposure of the estate to an administrative claim by Tyson of approximately $900,000; (c) the granting of which will likely prevent Debtor from confirming a plan of reorganization ("Plan").

The Joint Motion to Approve Compromise (CR 115) ("Joint Motion") (page 4, paragraph 4) states:

> 4. ... [Tyson] does not waive any claim to recourse against future cash collateral held by Double H or the Double H enterprise, or the equipment or other assets of Double H or the Double H enterprise, but recognizes any validly perfected prior security interest of KeyBank.

Assumption of the Tyson Contract was disastrous for another reason. Debtor originally anticipated that the Tyson Contract would generate almost $20 million in gross revenue; instead, the Tyson Contract generated a mere $3.8 million in gross revenue and a negative net income.

**KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY TYSON FRESH MEATS, INC. - 2**

Client:2288101.1

The Tyson Assumption Order:

- Acknowledges KeyBank's continuing first priority security interest in all of Double H Cattle's cash collateral, including $1.9 million of KeyBank cash collateral held by Double H Cattle;[2]

- Provides that Tyson may seek recovery of amounts due it under the Tyson Contract solely from Double H Cattle;[3]

- Provides that Tyson waives any right or claim that it may have to KeyBank's $1.9 million of cash collateral;[4] and

- Provides that Tyson subordinates its security interest in the assets of Double H Cattle to that of KeyBank.[5]

---

[2] The Tyson Assumption Order (page 1) states:

> (a)  The Motion does not affect the validity or priority of KeyBank's security interest in any of the Debtor's property, as it existed pre-petition, except as specified herein.
>
> (b)  The approval of the Compromise outlined in the Motion does not change the validity or priority of KeyBank's security interest in the accounts receivable of the Debtor or the Double H cattle operation as it existed pre-petition . . . .

[3] The Joint Motion (page 4, paragraph 3), which was approved by the Tyson Assumption Order, states:

> 3.  Any and all liabilities or losses or gains attributable to Double H or the Debtor under the Feeding Agreement, whether from market conditions, hedging activities, or otherwise, will be recovered by TFM solely from the assets of Double H, and not assets of Hollifield Ranches, White Gold Dairy or Terry Hollifield individually. In essence, the merger that occurred on the date of the filing the bankruptcy petition is ignored for purposes of Double H's liability to TFM, and TFM's recourse is to the Double H enterprise and Double H enterprise's assets only.

[4] The Joint Motion (page 4, paragraph 4), states:

> 4.  TFM fully and forever waives any right to claim that it has recourse to the approximately $2.8 million in cash collateral currently held by Double H.

**KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY TYSON FRESH MEATS, INC. - 3**

Client:2288101.1

Given these provisions in the prior Tyson Assumption Order, Tyson's only recourse is against the assets of Double H Cattle to satisfy any allowed administrative claim, all of which are subject to the first perfected security interest of KeyBank to satisfy its claim.

### B. Entity Hollifield Farms as a Source of Repayment for the Tyson Administrative Claim

Nor is the Entity Hollifield Farms a source of repayment for any administrative claim allowed in favor of Tyson. This Court's Fourth Order Authorizing Continuing Use of Cash Collateral (CR 195) ("CC Order") clearly provides, in Paragraph 7, that KeyBank holds an adequate protection lien in virtually all of the assets of Debtor and the Entities:

> 7. **Adequate Protection Liens.** All parties entitled to adequate protection, including but not limited to KeyBank, are hereby granted as adequate protection (the "Adequate Protection Liens") a security interest or lien interest or mortgage interest (as the case may be) in the following items of collateral: (a) post petition security interest in (i) any and all types or categories of collateral that were subject to the security interest of such parties on the Filing date; (ii) all cash or other Cash Collateral of any kind or nature; (iii) all proceeds from the sale of milk or milk products; (iv) all new livestock that are purchased by Debtor or born as progeny to existing livestock which are property of the estate of the Debtor; and (v) all culls or kills that are sold by the Debtor. . . . It is the intent of all parties to this Order that the existing interest in pre-petition collateral of all such parties continue unabated in all post-petition collateral of the same type, and proceeds thereof, to the same extent as existed at the time the bankruptcy was filed.

---

[5] The Joint Motion (page 4, paragraph 4) states:

> 4.    . . . [Tyson] does not waive any claim to recourse against future cash collateral held by Double H or the Double H enterprise, or the equipment or other assets of Double H or the Double H enterprise, but recognizes any validly perfected prior security interest of KeyBank.

KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND
LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY
TYSON FRESH MEATS, INC. - 4

Client:2288101.1

KeyBank held a first perfected security interest in all cash collateral and all other personal property of Hollifield Farms going into this bankruptcy proceeding, and continues to hold that perfected security interest at this point in time. Tyson holds no such cash collateral interest—it holds a mere administrative claim, solely against Double H Cattle. Hollifield Farms' cash collateral is not a source of repayment for any allowed administrative claim of Tyson.

### C. Entity White Gold Dairy as a Source of Repayment for the Tyson Administrative Claim

Identical reasoning applies to White Gold Dairy, which cannot be a source of repayment for any allowed administrative claim of Tyson.

DATED this 6th day of January, 2012.

MOFFATT, THOMAS, BARRETT, ROCK &
FIELDS, CHARTERED

By /s/ Randall A. Peterman
Randall A. Peterman – Of the Firm
Attorneys for KeyBank National
Association

KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND
LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY
TYSON FRESH MEATS, INC. - 5

Client:2288101.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of January, 2012, I filed the foregoing **KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY TYSON FRESH MEATS, INC.** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Brent T. Robinson**
btr@idlawfirm.com
*Attorneys for Debtor*

**Craig W. Christensen**
cwcc@ida.net
*Attorneys for J.R. Simplot Company dba Western Stockmen's*

**David F. Shirley**
dshirley@pmt.org
*Attorneys for Western Seeds*

**William R. Hollifield**
bhollifield@idalawyer.com
*Attorneys for Creditor C.W. Hollifield Estate*

**Scott Tschirgi**
sat@satchartered.com
*Attorney for Pioneer Commodities, LLC*

**Mary P. Kimmel**
ustp.region18.bs.ecf@usdoj.gov

**United States Trustee**
ustp.region18.bs.ecf@usdoj.gov

**John S. Ritchie**
crrtflaw@msn.com
*Attorneys for Eagle Creek Northwest LLC*

**Daniel C. Green**
dan@racinelaw.net
*Attorneys for Thomas Petroleum, LLC d/b/a Bowen Petroleum, Inc.*

**Robert J. Maynes**
mayneslaw@hotmail.com
*Attorney for ADM Edible Bean Specialties, Inc.*

**John O. Fitzgerald II**
**David W. Gadd**
jof@magicvalleylaw.com
dwg@magicvalleylaw.com
*Attorneys for Agri-Stor Company, Inc./Chemical Supply Co., Inc.; OK Auto Systems, Inc.; Robert Harris; The Scoular Company; and Gavilon Grain, LLC dba Peavey Co.*

**J. Justin May**
jmay@may-law.com
*Attorneys for Official Unsecured Creditors Committee of Hollifield Ranches, Inc.*

**KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY TYSON FRESH MEATS, INC. - 6**

Client:2288101.1

**David A. Coleman**
davidacoleman@msn.com
*Attorney for John Coleman dba A & J Farm and Lasko Alexander Farm, L.L.C.*

**Robert A. Faucher**
**Patrick W. McNulty**
**Kevin C. Braley**
rfaucher@hollandhart.com
pwmcnulty@hollandhart.com
kbraley@hollandhart.com
*Attorneys for Creditor Metropolitan Life Insurance Company*

**Lance A. Loveland**
love9593@pmt.org
*Attorneys for Valley Agronomics, LLC*

**Ron Kerl**
ron@cooper-larsen.com
*Attorneys for Rangen, Inc. and Northwest Farm Credit Services, FLCA*

**Matthew T. Christensen**
mtc@angstman.com
*Attorney for Tyson Fresh Meats, Inc.*

**Jim Spinner**
spinjim@cableone.net
*Attorneys for Westway Feed Products, LLC*

AND, I FURTHER CERTIFY that on such date I served the foregoing **KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY TYSON FRESH MEATS, INC.** on the following non-CM/ECF Registered Participants in the manner indicated:

Hollifield Ranches, Inc.
4076 E. 3400 N.
Hansen, ID 83334

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Hollifield Ranches, Inc.
22866 US Highway 30
Hansen, ID 83334

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

John O. Fitzgerald II
David W. Gadd
WORST FITZGERALD & STOVER, PLLC
746 N. College Rd., Suite C
P.O. Box 5226
Twin Falls, ID 83303-5226
*Attorneys for Agri-Stor Company, Inc./Chemical Supply Co., Inc.; OK Auto Systems, Inc.; Robert Harris; The Scoular Company; and Gavilon Grain, LLC dba Peavey Co.*

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

**KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY TYSON FRESH MEATS, INC. - 7**

Client:2288101.1

| | |
|---|---|
| Gavilon Grain, LLC<br>c/o James Powers<br>MCGRATH NORTH MULLIN & KRATZ PC LLO<br>First National Tower, Suite 3700<br>1601 Dodge St.<br>Omaha, NE 68102-1327<br>*Attorneys for Gavilon Grain, LLC*<br>*d/b/a Peavey Co.* | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Michael J. Meade<br>3779 N. 3575 E.<br>Kimberly, ID 83341 | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |

/s/ Randall A. Peterman

Randall A. Peterman

**KEYBANK NATIONAL ASSOCIATION'S RESERVATION OF RIGHTS AND**
**LIMITED OBJECTION TO MOTION FOR ADMINISTRATIVE CLAIM FILED BY**
**TYSON FRESH MEATS, INC. - 8**

Client:2288101.1