# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **HOLLIFIELD RANCHES, INC.,** | **No. 10-41613-JDP** |
| **Debtor.** | |

---

## MEMORANDUM OF DECISION

---

**Appearances:**

    Brent T. Robinson, Rupert, Idaho, Attorney for Debtor.

    Mary P. Kimmell, Boise, Idaho, Attorney for United States Trustee

    James C. Meservy, Jerome, Idaho, Special Counsel for Hollifield Ranches, Inc.

### *Introduction*

On February 9, 2012, chapter 11[1] Debtor Hollifield Ranches, Inc. filed

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 1

and served an Application to Employ Special Counsel *Nunc Pro Tunc* ("Application"), Dkt. No. 419. The United States Trustee ("UST") has objected to the Application. Dkt. No. 436. A hearing was held on April 2, 2012, at which time the Court indicated it would grant the Application to employ James C. Meservy as special counsel. Dkt. No. 465. However, the Court took under advisement the issue of whether the employment should be granted *nunc pro tunc*. Debtor and the UST were invited to file post-hearing supplemental affidavits or briefs, but no such submissions were made.

Based upon the Court's review of the record, the Court determines that retroactive approval of special counsel's employment can not be approved in this case for the reasons set forth herein.

*Facts*

From the Court's limited record, the following appear to be the undisputed facts.

On September 9, 2010, Debtor filed a chapter 11 bankruptcy petition. Dkt. No. 1. Debtor owns a farming, cattle and dairy operation,

MEMORANDUM OF DECISION – 2

and allegedly is owed money for potatoes it sent to Cummins Family Produce, Inc. ("Cummins") for processing. Dkt. No. 419-1. On January 27, 2011, after the bankruptcy petition was filed, Debtor retained Mr. Meservy to represent it in an action to recover the unpaid balance due from Cummins. *Id*. Apparently, Mr. Hollifield, Debtor's manager, neither told Mr. Meservy about the pending bankruptcy case, nor informed his bankruptcy counsel about Debtor's intent to retain Mr. Meservy. A state court action by Debtor against Cummins was commenced by Mr. Meservy on March 4, 2011; Mr. Meservy has continually represented Debtor in state court since that time, and that action is proceeding toward mediation.

During the course of the state court litigation, Debtor paid both Mr. Meservy and another attorney in his office for services they rendered in the collection action. Those payments later came to the attention of the UST, whose attorney contacted Debtor's bankruptcy counsel and questioned the propriety of the payments. In this odd way, Debtor's bankruptcy counsel finally came to know about the pending state court litigation, and in turn, the unfortunate Mr. Meservy became aware he was

MEMORANDUM OF DECISION – 3

representing a client who was a chapter 11 debtor-in-possession without having sought or received authorization to do so from this Court.

Shortly thereafter, Debtor filed the Application, in which it seeks to employ Mr. Meservy *nunc pro tunc* to January 27, 2011. Dkt. No. 419. The UST objected, and the matter was set for hearing and argued before the Court.

*Analysis and Disposition*

Professionals who perform services for a chapter 11 debtor-in-possession cannot be compensated for their work unless their employment has been authorized by the bankruptcy court. *See* § 327(e) (debtor may employ special counsel "with the court's approval"), and § 330(a) (the court may award compensation "to a professional person employed under . . . section 327); LBR 2014.1(c) ("Any order of approval of employment entered by the court will relate back to the date of service of the application, which date shall be set forth in the order."); *McCutchen, Doyle, Brown & Enersen v. Official Comm. of Unsecured Creditors (In re Weibel, Inc.)*, 176 B.R. 209, 211 (9th Cir. BAP 1994); *In re Taylor Quality Concrete,*

MEMORANDUM OF DECISION – 4

*Inc.*, 07.1 IBCR 3, 3 (Bankr. D. Idaho 2007). A bankruptcy court, in the exercise of its discretion, may retroactively approve a professional's employment and authorize payment for services. *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973-74 (9th Cir. 1995); *Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.)*, 40 F.3d 1059, 1062 (9th Cir. 1994); *In re Ball*, 04.3 IBCR 87, 87 (Bankr. D. Idaho 2004). However, retroactive approval of a professional's employment should be granted only when "exceptional circumstances" exist. *In re Atkins*, 69 F.3d at 974; *In re Taylor Quality Concrete, Inc.*, 07.1 IBCR at 3; *In re Ball*, 04.3 IBCR at 87-88.

In this case, in order to show exceptional circumstances exist so that the Court may grant retroactive approval of Mr. Meservy's employment effective on the date he was actually retained, as opposed to the date the employment application was filed and served, Debtor must satisfy two requirements. First, Debtor must "demonstrate that [the professional's] services benefitted the bankrupt[cy] estate in a significant manner," and second, Debtor must "satisfactorily explain [its] failure to receive prior

MEMORANDUM OF DECISION – 5

judicial approval." *In re Atkins*, 69 F.3d at 973-74 (9th Cir. 1995); *In re Occidental Fin. Group, Inc.*, 40 F.3d at 1062; *In re Taylor Quality Concrete*, 07.1 IBCR at 4.  Whether to approve an application for employment *nunc pro tunc* is committed to the discretion of the bankruptcy court.  *In re Taylor Quality Concrete*, 07.1 IBCR at 4; *In re Ball*, 04.3 IBCR at 87.

A.  <u>Benefit to the Estate</u>.

In this case, as noted by the Court during the hearing, there appears to be no question that Mr. Meservy's representation of the Debtor in the state court litigation has benefitted the estate.  According to the complaint, Debtor is allegedly owed a considerable sum by Cummins, and Mr. Meservy has prosecuted the state court action to collect the account to the point of mediation.  If the case is either settled, or litigated to a successful judgment, any sums recovered will directly benefit Debtor's creditors.  The Court finds this requirement has been met.

B.  <u>Satisfactory Explanation</u>.

However, neither the Application, nor Mr. Meservy's prehearing affidavit filed in support of that Application (nor the UST's objection, for

MEMORANDUM OF DECISION – 6

that matter) address the "satisfactory explanation" requirement. At the hearing, the Court questioned Debtor's bankruptcy counsel about the delay in seeking Mr. Meservy's appointment. The response to this inquiry was that Debtor's management[2] simply failed to inform either Mr. Meservy about the pending bankruptcy, or bankruptcy counsel about Mr. Meservy's retention and the state court litigation. In short, and at best, Debtor's management's own oversight is the only explanation for the failure to timely request court approval of special counsel's employment.

In considering the burden a professional bears in obtaining approval of employment *nunc pro tunc,* the Court has observed that the applicable case law is "stern," that "[r]etroactive approval of employment is not a favored practice," and that this remedy "stands in contravention of the clear requirements of the statute and rules" and therefore should be employed extremely sparingly. *In re Hinton*, 92 IBCR 100, 101-02 (Bankr. D. Idaho 1992) (citing *In re Hunt Bros. Constr., Inc.*, 83 IBCR 92 (Bankr. D.

---

[2] Mr. Meservy indicated that he has dealt almost exclusively with Terry G. Hollifield, Debtor's President.

MEMORANDUM OF DECISION – 7

Idaho 1983); *In re Bear Lake West*, 83 IBCR 85 (Bankr. D. Idaho 1983)).

*Conclusion*

At the hearing, the Court invited Debtor to submit an affidavit providing a satisfactory explanation for the failure to timely request approval of Mr. Meservy's employment, as well as a brief in support of the Application if desired. Nothing was filed by Debtor, and the deadline imposed by the Court has now passed. Accordingly, extraordinary circumstances have not been shown to justify retroactive approval of Mr. Meservy's employment. As indicated at the hearing, his employment will be approved as of February 9, 2012, the date the Application was filed and served, all as prescribed by LBR 2014.1(c).

A separate order will be entered.

Dated: April 26, 2012

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 8